**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-01411-DOC (JCGx)          Date: September 8, 2016

Title: SUSAN MARIE CHANDLER V. HOME DEPOT U.S.A., INC.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO REMAND TO STATE COURT [9]**

Before the Court is Plaintiff Susan Marie Chandler's ("Chandler" or "Plaintiff") Motion to Remand to State Court ("Motion") (Dkt. 10). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers and the parties' arguments, the Court DENIES the Motion.

**I.**    **Background**

Plaintiff filed suit against Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") on June 29, 2016. Notice of Removal at 1 (Dkt. 1). The Complaint did not disclose the amount in controversy. *See id.* Ex. A at 3–16 ("Compl.").

On July 29, 2016, Home Depot removed the instant case to this Court. *See generally* Notice of Removal ("Notice"). In the Notice, Home Depot asserts that the diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied. *Id.* at 2. Specifically, Plaintiff is a citizen of California, while Home Depot is incorporated in Delaware and has its principal place of business in Atlanta, Georgia. *Id.* at 4. Additionally, Home Depot states that Plaintiff's allegations more likely than not place the amount in controversy in excess of the $75,000 amount in controversy requirement. *Id.* at 5–6.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-01411-DOC (JCGx) | Date: September 8, 2016 |
| | Page 2 |

Plaintiff filed the instant Motion on August 18, 2016. Defendant opposed on August 29, 2016 (Dkt. 12), and Plaintiff replied on August 31, 2016 (Dkt. 13).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

A defendant may generally remove a civil action from a state court to a federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

However, a major limitation exists regarding a defendant's right to removal. A defendant may not remove a civil action to federal court in the state in which the action was brought if the defendant is a citizen of that state. 28 U.S.C. § 1441(b)(2); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 n.6 (2005) (noting lower courts' characterization of the defect as procedural, not jurisdictional). Thus, a district court must remand a case removed by a "local" defendant—that is, a defendant who is a citizen of the state in which the action was originally brought. *See Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

## III. Discussion

Plaintiff's sole argument for remand is that Home Depot has failed to prove that the amount in controversy requirement has been met. *See* Mot. at 3.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-01411-DOC (JCGx) | Date: September 8, 2016 |
| | Page 3 |

Plaintiff notes that "removal is proper if it is 'more likely than not' that the amount in controversy exceeds $75,000." Mot. at 5 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)). Plaintiff cautions against a decision based upon "'speculative and self-serving assumptions.'" Mot. at 5 (citing *Garibay v. Archstone Communities LLC*, 539 Fed.Appx 763, 764 (9th Cir. 2013)).

However, as Defendant notes, in determining the amount in controversy, the court must assume that the allegations of the complaint are true, and assume that a jury will return a verdict for the plaintiff. *See* Opposition to Plaintiff's Motion to Remand at 2 (Dkt. 12). Here, the Defendant provides reasonable estimates of $16,043.54 in alleged lost wages and between $30,000 and $90,000 in attorneys' fees. *Id.* at 4–5. Courts in the Central District have concluded that, as part of the total amount at stake, post-removal attorneys' fees are part of the amount in controversy. Opp'n at 4.

Plaintiff rightly states that Plaintiff's refusal to stipulate is not dispositive on the question of remand. Reply to Opposition to Motion to Remand at 6 ("Reply") (Dkt. 13). Plaintiff further states that refusal to stipulate is "irrelevant." *Id.* However, courts in the Central District have held that while not conclusive, refusal to stipulate weighs in favor of a determination that the amount in controversy exceeds $75,000. *See* Opp'n at 9.

In short, Plaintiff has presented no valid argument for remand. Because diversity jurisdiction exists, and because Plaintiff has not identified any procedural defects with the removal, the Court lacks discretion to remand the case to state court. *See Cleveland v. West Ridge Academy*, No. 1:14-cv-01825-SKO, 2015 WL 164592, at *2 (E.D. Cal. Jan. 13, 2015) ("However, a district court lacks discretion to remand a case to the state court if the case was properly removed.") (citing *Carpenters S. Cal. Admin Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984)).

### IV.   Disposition

For the reasons set forth above, the Plaintiff's Motion is DENIED.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |